**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Debtors and Debtors in
Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>SHIFT TECHNOLOGIES, INC., *et al.*,[1]<br><br>        Debtors. | Case No. 23-30687 (HLB) (Lead Case)<br><br>(Jointly Administered)<br><br>**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE COMBINED PLAN AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; AND (III) SETTING CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO**<br><br>Date: March 7, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Tele/Videoconference Appearances Only**<br>     United States Bankruptcy Court<br>     Courtroom 19, 16th Floor<br>     San Francisco, CA 94102 |

---

[1]    The last four digits of Shift Technologies, Inc.'s tax identification number are 5852. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Shift. The Debtors' service address is P.O. Box 1664, San Bruno, CA 94066-1664.

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     JURISDICTION AND VENUE .............................................................................. 2

III.    BACKGROUND ...................................................................................................... 2

  A.    General Background ...................................................................................... 2

  B.    The Combined Plan and Disclosure Statement ......................................... 3

IV.     RELIEF REQUESTED ........................................................................................... 4

V.      BASIS FOR RELIEF REQUESTED ..................................................................... 5

  A.    The Combined Plan and Disclosure Statement and Combined Confirmation
        Hearing ........................................................................................................... 5

  B.    Conditional Approval of the Combined Plan and Disclosure Statement for
        Solicitation Purposes; Plan Supplement .................................................... 5

  C.    Approval of the Solicitation and Voting Procedures ................................. 7

    1.  Solicitation Packages ................................................................................ 7

    2.  Approval of Form of Ballot ..................................................................... 7

    3.  Voting Procedures ..................................................................................... 8

    4.  Voting Deadline ......................................................................................... 8

    5.  Vote Tabulation Procedures .................................................................... 9

    6.  Notice of Non-Voting Status .................................................................... 9

  D.    Confirmation Hearing, Objection Deadline, and Notice Thereof .......... 10

  E.    Non-Substantive Modifications ................................................................. 11

VI.     NOTICE ................................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Computer Task Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R. 177 (B.A.P. 9th Cir. 2003) ..................................................................................................................... 6

*In re Gulf Coast Oil Corp.*, 404 B.R. 407 (Bankr. S.D. Tex. 2009) ........................... 5

*In re Pacific Shores Dev., Inc.*, No. 10-11351MM-11, 2011 Bankr. LEXIS 785 (Bankr. S.D. Cal. Feb. 25, 2011) ................................................................................ 6

### STATUTES

11 U.S.C. § 105(d)(2)(B)(vi) ....................................................................................... 5

11 U.S.C. § 1107(a) ..................................................................................................... 2

11 U.S.C. § 1108 .......................................................................................................... 2

11 U.S.C. § 1123(a)(1) ................................................................................................ 3

11 U.S.C. § 1125 .......................................................................................................... 7

11 U.S.C. § 1125(a) ..................................................................................................... 6

11 U.S.C. § 1125(b) ..................................................................................................... 5

11 U.S.C. § 1126(c) ..................................................................................................... 9

11 U.S.C. § 1126(f) .................................................................................................... 10

11 U.S.C. § 1126(g) ................................................................................................... 10

28 U.S.C. § 1334 .......................................................................................................... 2

28 U.S.C. § 1408 .......................................................................................................... 2

28 U.S.C. § 1409 .......................................................................................................... 2

28 U.S.C. § 157 ............................................................................................................ 2

28 U.S.C. § 157(b) ....................................................................................................... 2

### RULES

B.L.R. 3020-1(a) .......................................................................................................... 8

B.L.R. 5011-1(a) .......................................................................................................... 2

Fed. R. Bankr. P. 2002(b) ......................................................................................... 11

Fed. R. Bankr. P. 2002(d) ......................................................................................... 11

Fed. R. Bankr. P. 3017(c)................................................................................8, 10

Fed. R. Bankr. P. 3017(d) ..........................................................................7, 9, 10

Fed. R. Bankr. P. 3018(a)................................................................................9

Shift Technologies, Inc. ("Shift Technologies") and its affiliates that are debtors and debtors in possession (collectively, "Shift" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") move this Court (the "Motion") pursuant to sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1 and 3018-1 of the Bankruptcy Local Rules for the Northern District of California (the "Bankruptcy Local Rules") for entry of an order: (I) conditionally approving for solicitation purposes the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan Dated February 20, 2024*, filed concurrently herewith (as may be further amended or modified, the "Combined Plan and Disclosure Statement," or, the "Plan" and the "Disclosure Statement," as the context requires)[1]; (II) establishing procedures (the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the Plan, including approving (A) the contents and notice procedures for solicitation packages as set forth in **Exhibit A** hereto (the "Solicitation Packages"), including the cover letter attached hereto as **Exhibit B**; (B) the form of ballot attached hereto as **Exhibit C** (the "Ballot"); (C) the procedures for voting; (D) the procedures for calculating votes, attached here to as **Exhibit D** (the "Tabulation Procedures"); and (E) the Notice of Non-Voting Status attached hereto as **Exhibit E**; and (III) fixing the date and time for the hearing on approval and confirmation of the Combined Plan and Disclosure Statement (the "Confirmation Hearing") and approving the form and manner of notice thereof, attached hereto as **Exhibit F** (the "Confirmation Hearing Notice"). A proposed order granting the relief requested herein is attached hereto as **Exhibit G** (the "Tentative Approval Order"). In support of the Motion, the Debtors respectfully state as follows:

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    PRELIMINARY STATEMENT**

To facilitate the orderly winddown of the Debtors' affairs, as contemplated since the commencement of these Chapter 11 Cases, the Debtors seek approval of the relief requested in this

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Combined Plan and Disclosure Statement.

Motion in order to immediately commence soliciting votes on the Plan and to establish deadlines and procedures for its confirmation.

The Combined Plan and Disclosure Statement is the result of negotiations between the Debtors and their creditors. Under the timeline proposed in this Motion, all creditors and other parties in interest will have sufficient time to review the Combined Plan and Disclosure Statement before they must vote or otherwise respond. Time is of the essence, and the Debtors believe that the deadlines proposed herein are reasonable and will promote an efficient confirmation process. Such an expedited process will benefit all creditors and parties in interest. Accordingly, the Debtors submit that the relief requested herein is in the best interests of Debtors' estates and their creditors.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    BACKGROUND

### A.    General Background

On October 9, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases on November 7, 2023, and amended its appointment on February 8, 2024. *See* Dkt. Nos. 118 (original appointment) and 434 (amended appointment). No trustee or examiner has been appointed in these Chapter 11 Cases.

Prior to the Petition Date, Shift was a consumer-centric omnichannel retailer for buying and selling used cars, with headquarters in San Francisco and operations in Oakland and Pomona, California.[2] Shift invested significantly in its technology platforms, as well as focusing on finding

---

[2]    Additional information regarding the Debtors' businesses and the circumstances leading to

new ways to expand through investments and mergers, in an attempt to drive growth through volume and presence.  Unfortunately, as Shift continued to expend its available cash on technology development, capital markets in early-mid 2023 tightened and focused on profitability over growth, making it increasingly difficult to find capital to fund growth and operations absent immediate cash returns.  It eventually became apparent that Shift would have significant difficulty continuing to invest in its ecommerce platform.

After Shift brought in new management experienced in the car dealership industry in June 2023, Shift decided to pivot entirely to a dealership model focused on profitable growth.  By discontinuing its ecommerce investment, Shift's new business model became substantially less capital-intensive.  By that time, however, Shift's liquidity had deteriorated, and Shift needed capital to see the results of the significant changes made to the operations of the business (under the leadership of new management) become profitable.  Shift pursued various potential sources of liquidity during this time, including the holders of Shift's convertible notes and senior unsecured notes as well as other sources of other potential debt and equity investments.

Ultimately, Shift was unable to secure any source of additional capital to fund continuing operations.  On October 6, 2023, Shift announced that it would begin an orderly winddown and liquidation through these Chapter 11 Cases.  That day, Shift closed its website and dealerships in Oakland and Pomona and terminated approximately 80% of its workforce, leaving only those personnel necessary to facilitate an orderly winddown of Shift's business and liquidation of its assets.  The Debtors filed these Chapter 11 Cases to begin an orderly winddown, using cash on hand and cash generated by the liquidation of vehicle inventory through wholesale channels to provide the necessary liquidity to support the winddown and the chapter 11 process.

**B.     The Combined Plan and Disclosure Statement**

The Combined Plan and Disclosure Statement places claims against the Debtors into four classes and equity interests in the Debtors into one class (each, a "Class").  In accordance with Bankruptcy Code section 1123(a)(1), administrative claims (including professional fee claims)

---

the commencement of the Chapter 11 Cases is set forth in *the Declaration of Jason Curtis in Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 7] (the "First Day Declaration").

4

and priority tax claims are unclassified.  The Classes and their respective status and voting rights are set forth below:

| Class | Status | Voting Right |
|---|---|---|
| (Unclassified) – Administrative Expense Claims | Unimpaired | Not Entitled to Vote |
| (Unclassified) – Professional Fee Claims | Unimpaired | Not Entitled to Vote |
| (Unclassified) – Priority Tax Claims | Unimpaired | Not Entitled to Vote |
| Class 1 – Secured Claims | Unimpaired | Not Entitled to Vote |
| Class 2 – Other Priority Claims | Unimpaired | Not Entitled to Vote |
| Class 3 – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 – Intercompany Claims | Impaired | Not Entitled to Vote |
| Class 5 – Equity Interests | Impaired | Not Entitled to Vote |

## IV.  **RELIEF REQUESTED**

By this Motion, the Debtors respectfully request entry of the Tentative Approval Order, which, *inter alia*, (i) conditionally approves the Combined Plan and Disclosure Statement for solicitation purposes; (ii) establishes the Solicitation Procedures and approves related documents and procedures; and (iii) fixes the date and time of the Confirmation Hearing and approves the form and manner of notice thereof.  Key dates and deadlines requested under the Tentative Approval Order are as follow:

| Date | Description |
|---|---|
| March 8, 2024 | Last day to serve Solicitation Packages |
| March 22, 2024 | Last day to file Plan Supplement |
| March 29, 2024 | Last day to file Rule 3018 Motions |
| April 5, 2024 | (1) Deadline to File (a) objections to Combined Plan and Disclosure Statement, including to the assumption of Executory Contracts and Unexpired Leases and the proposed Cure Payments associated therewith and (b) Objections to Rule 3018 Motions; (2) Voting Deadline |
| April 8, 2024, | (1) Deadline for Debtor to file voting certification; (2) deadline for Debtor to file consolidated reply to objections to Combined Plan and Disclosure Statement, if any |

| Date | Description |
|------|-------------|
| April 11, 2024, 10:00 a.m. (Pacific Time) | Confirmation Hearing |

## V. BASIS FOR RELIEF REQUESTED

### A. The Combined Plan and Disclosure Statement and Combined Confirmation Hearing

The Debtors have prepared a Combined Plan and Disclosure Statement in lieu of a separate Plan and Disclosure Statement.   This Court's procedures encourage use of a combined form for individual debtors; here the Debtors departed from the form plan promulgated by the Bankruptcy Court by deemphasizing the treatment of secured claims, which is not a significant issue in these Chapter 11 Cases, and by providing detailed background and case-related information, as befits the public-company status of Shift Technologies, Inc..  Given the combined documents, the Debtors submit that it also is appropriate to combine the hearing. Section 105 of the Bankruptcy Code expressly authorizes the Court to issue "an order that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."  11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases.").  A combined hearing will streamline the confirmation process.  This will expedite Plan implementation and thereby limit professional fees and other administrative expenses and promote judicial economy.

### B. Conditional Approval of the Combined Plan and Disclosure Statement for Solicitation Purposes; Plan Supplement

A bankruptcy court must find that a disclosure statement contains "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" for these purposes means "information of a kind, and in

1  sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor

2  and the condition of the debtor's books and records, including a discussion of the potential

3  material Federal tax consequences of the plan to the debtor" that would enable a "hypothetical

4  investor of the relevant class to make an informed judgment about the plan." *Id*. at § 1125(a).

5       The determination of what constitutes "adequate information" is subjective, made on a

6  case-by-case basis, and is largely within the discretion of the bankruptcy court. *Computer Task*

7  *Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003). Relevant factors

8  include (i) a description of debtor's assets and their value; (ii) the scheduled claims; (iii) the

9  estimated return to creditors under chapter 7; (iv) the collectability of accounts or other income;

10  (v) the actual or projected realizable value from recovery of preferential or other avoidable

11  transfers; (vi) litigation likely to arise in a non-bankruptcy context; (vii) tax attributes of the

12  debtor; and (viii) debtor's relationships with affiliates. *See In re Pacific Shores Dev., Inc.*,

13  No. 10-11351MM-11, 2011 Bankr. LEXIS 785, at *4 (Bankr. S.D. Cal. Feb. 25, 2011).

14       The Disclosure Statement provides information sufficient to enable creditors to decide

15  whether to vote in favor of the Plan. Notably, it describes: (i) the terms of the Plan and its

16  implementation; (ii) the events preceding these Chapter 11 Cases; (iii) the feasibility of the Plan;

17  (iv) causes of action held by the Debtors' estates; (v) information regarding the value of assets of

18  the Debtors' estates; (vi) estimates of the Claims asserted, or to be asserted, against the Debtors'

19  estates and the value of distributions to be received by Holders of Allowed Claims; (vii) any risk

20  factors affecting the Plan; (viii) the method and timing of distributions under the Plan; (ix) a

21  liquidation analysis identifying the estimated return that creditors would receive if the

22  bankruptcy case was a case under chapter 7 of the Bankruptcy Code; and (x) the federal tax

23  consequences of the Plan.

24       The Plan Supplement shall be filed no later than March 22, 2024, and shall contain,

25  among other things, draft forms or signed copies, as the case may be, of the Liquidating Trust's

26  governing documents and all related retention documents, Consolidation Compromises and any

27  other schedules, lists, or documents that supplement or clarify aspects of this Plan and are

28  identified as part of the Plan Supplement.

Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with section 1125 of the Bankruptcy Code. At the hearing on this Motion, the Debtors will seek conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes only. The Debtors will demonstrate on a final basis at the hearing on the approval of the Combined Plan and Disclosure Statement that the information set forth therein contains adequate information within the meaning of section 1125.

### C. Approval of the Solicitation and Voting Procedures

#### 1. Solicitation Packages

Creditors must be provided the following under Bankruptcy Rule 3017(d): (i) the plan or a court-approved summary of the plan; (ii) the disclosure statement as approved by the court; (iii) notice of the time within which acceptances and rejections of the plan may be filed; and (iv) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion. Fed. R. Bankr. P. 3017(d). Following entry of the Tentative Approval Order, the Debtors will cause to be mailed the Solicitation Packages in the manner described in **Exhibit A** hereto, including mailing the cover letter attached hereto as **Exhibit B**. The Combined Plan and Disclosure Statement will be sent in hard copy only to the creditors entitled to vote on the Plan. Other creditors and parties in interest may obtain a copy by contacting the Debtors' administrative agent, Omni Agent Solutions, Inc. (the "Balloting Agent") by email at ShiftBallots@omniagnt.com or by telephone at 888-505-9433 (toll free) for U.S. and Canada-based parties or +1 (747) 204-5943 for International parties.

The Debtors submit that the distribution of the Solicitation Packages will provide all Holders of Claims entitled to vote on the Plan with the requisite materials to make an informed decision under Bankruptcy Rule 3017(d) and that the proposed notice and service procedures are adequate and sufficient under section 1125 of the Bankruptcy Code.

#### 2. Approval of Form of Ballot

In accordance with Bankruptcy Rule 3017(d), the Debtors propose to mail to the Holders of Claims entitled to vote on the Combined Plan and Disclosure Statement a ballot (hereafter,

the "Ballot"), the form of which is attached hereto as **Exhibit C**. The Ballot is substantially similar to Official Form No. 14, but has been modified slightly for consistency with specific provisions of the Combined Plan and Disclosure Statement. The Debtors respectfully submit that the Ballot complies with Bankruptcy Rule 3017 and should therefore be approved.

### 3. Voting Procedures

Ballots must be completed, dated, signed, and properly delivered to the Debtors' Balloting Agent, at the following address:

> Shift Technologies, Inc. Ballot Processing
> c/o Omni Agent Solutions
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

Ballots may be submitted (i) electronically in portable document format (.pdf) through Omni's Voting Upload system available at https://omniagentsolutions.com/Shift-Ballots, or (ii) physically, by mail or by overnight delivery. Upon completion of balloting, the Balloting Agent will certify the amount and number of Claims of the class eligible to vote on the Plan accepting or rejecting the Combined Plan and Disclosure Statement. The Debtors will file such certification with the Court at least three days prior to the Confirmation Hearing as required by Bankruptcy Local Rule 3020-1(a).

### 4. Voting Deadline

Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." The Debtors anticipate commencing the Plan solicitation period by mailing the Ballots and other approved solicitation materials no later than one day after the anticipated entry of the Tentative Approval Order. The Debtors propose that all Ballots being cast must be properly executed, completed, and delivered, either electronically in accordance with the procedures set forth below or by mail, to the Balloting Agent such that the Ballots are actually received no later than April 5, 2024 (the "Voting Deadline"). This proposed 28-day solicitation period provides sufficient time for creditors to make informed decisions to accept or reject the Plan and timely submit the Ballots.

1      5.    Vote Tabulation Procedures

2          Section 1126(c) of the Bankruptcy Code provides that "[a] class of claims has accepted a

3      plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and

4      more than one-half in number of the allowed claims of such class held by creditors . . . that have

5      accepted or rejected such plan."  The Debtors submit that the tabulation and claim allowance

6      procedures set forth on **Exhibit D** hereto and incorporated herein by reference (the "Tabulation

7      Procedures") establish a fair and equitable voting process.

8          If a claimant wishes to challenge the classification of its Claim or the allowance of its

9      Claim for voting purposes in accordance with the Tabulation Procedures, the claimant must file

10     a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing such Claim in a

11     different amount or classification for purposes of voting to accept or reject the Plan (a "Rule

12     3018 Motion").  The Debtors request that any Rule 3018 Motion must be served on counsel for

13     the Debtors so as to be received no later than March 29, 2024, and that any opposition to any

14     Rule 3018 Motion be filed no later than April 5, 2024.  The Debtors further propose that any

15     Ballot submitted by a claimant that has filed a Rule 3018 Motion will be counted solely in

16     accordance with the Tabulation Procedures unless and until the Bankruptcy Court temporarily

17     allows the underlying claim for voting purposes in a different amount and/or classification.

18     Consistent with the deemed consolidation of the Debtors provided for in the Plan, and as part of

19     the Tabulation Procedures, the Debtors request that Ballots for the same or substantially similar

20     Claims asserted against different Debtors (*e.g.*, claims against a primary obligor Debtor and a

21     guarantor Debtor) shall be consolidated and treated as a single Ballot for voting purposes, such

22     that the remaining Ballots shall not be counted.  The Debtors also reserve the right to seek

23     estimation of a Claim for voting purposes after notice and a hearing.

24     6.    Notice of Non-Voting Status

25     Bankruptcy Rule 3017(d) provides, in relevant part:

26     If the court orders that the disclosure statement and the plan or a summary of the
       plan shall not be mailed to any unimpaired class, notice that the class is
27     designated in the plan as unimpaired and notice of the name and address of the
       person from whom the plan or summary of the plan and disclosure statement may

be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation

Holders of claims in Class 1 and 2 are not entitled to vote on the Plan because they are not impaired and therefore are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Holders of claims in Class 4 and equity interests in Class 5 (together with Classes 1, 2, and 4, the "Non-Voting Classes") are not entitled to vote on the Plan because the Plan will not provide for them to retain or receive any property and therefore are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Debtors propose to send to Holders of claims and equity interests in the Non-Voting Classes the Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit E**. The Notice of Non-Voting Status: (i) identifies the treatment of the class designated; (ii) sets forth the manner in which a copy of the Combined Plan and Disclosure Statement may be obtained; and (iii) provides notice of the Confirmation Hearing and the Confirmation Objection Deadline (as defined below).

The Debtors respectfully submit that the Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d) because the Non-Voting Classes are, as a matter of law, either conclusively presumed to have accepted the Plan or deemed to have rejected the Plan, and the Notice of Non-Voting Status sets forth the manner in which copies of the Combined Plan and Disclosure Statement may be obtained. Service of the Notice of Non-Voting Status thus provides each member of the Non- Voting Classes with the opportunity to receive all pertinent documents upon request at no cost to them. Accordingly, the Debtors request that the Court determine that the Debtors are not required to distribute Solicitation Packages, including the Combined Plan and Disclosure Statement, to the Non-Voting Classes.

**D.      Confirmation Hearing, Objection Deadline, and Notice Thereof**

Bankruptcy Rule 3017(c) provides that, on or before the approval of the Disclosure Statement, the Court "may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). In accordance with this provision, the Debtors request that the hearing on the

approval of the Combined Plan and Disclosure Statement be set for a date on or about April 11, 2024.  The Debtors further request that objections to confirmation of the Combined Plan and Disclosure Statement, including objections to the proposed assumption of Executory Contracts and Unexpired Leases (if any) and the proposed Cure Amounts associated therewith (each, a "Confirmation Objection"), if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim of such party; and (iii) be filed with the Court and served on: (a) counsel for the Debtors; (b) the United States Trustee; and (c) counsel for the Committee, so that they are received no later than April 5, 2024 (the "Confirmation Objection Deadline").  The Debtors request authority to file a consolidated reply to any such objection(s) no later than April 8], 2024.

The Debtors request that the Court approve the form of notice (the "Confirmation Hearing Notice") in substantially the form attached hereto as **Exhibit F**.  Pursuant to Bankruptcy Rules 2002(b) and (d), the Debtors propose to serve the Confirmation Hearing Notice no later than one day from the anticipated entry of the Tentative Approval Order on: (i) the Office of the United States Trustee for Region 17 (Attn: Jason Blumberg, Esq.); (ii) counsel for the Committee, (iii) all creditors of the Debtors, and (iv) all holders of equity interests in the Debtors.

The proposed Confirmation Hearing Notice sets forth: (i) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (ii) the deadlines for filing Rule 3018(a) Motions and objections thereto; (iii) the deadline for filing the Plan Supplement; (iv) the Confirmation Objection Deadline; (v) the time, date, and place of the Confirmation Hearing, and (vi) instructions on how to obtain copies of the Combined Plan and Disclosure Statement.

### E.    Non-Substantive Modifications

The Debtors request authorization to make non-substantive changes to the Combined Plan and Disclosure Statement; the Solicitation Packages, including the Cover Letter and the Ballot; the Notice of Non-Voting Status; and the Confirmation Hearing Notice, and all related documents, without further order of the Court.  This authorization includes, without limitation, filling in any missing dates or other missing information, correcting typographical and

1  grammatical errors, and making conforming changes among the various documents prior to
2  distribution of such materials.

3  **VI.    <u>NOTICE</u>**

4          Notice of this Motion will be provided to (i) the Office of the United States Trustee for
5  Region 17 (Attn: Jason Blumberg); (ii) counsel for the Committee; (iii) the Debtors' secured
6  lender Ally Bank, and (iv) those persons who have formally appeared in these Chapter 11 Cases
7  and requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no
8  further notice is required.

9          No previous request for the relief sought herein has been made by the Debtors to this or
10 any other Court.

11         **WHEREFORE**, the Debtors respectfully request entry of an order granting the relief
12 requested herein and such other and further relief as the Court may deem just and proper.

13 Dated: February 20, 2024                            **KELLER BENVENUTTI KIM LLP**

14

15                                                      By: */s/ Thomas B. Rupp*
16                                                          Thomas B. Rupp
17                                                      *Attorneys for Debtors and Debtors in Possession*

18
19
20
21
22
23
24
25
26
27
28