Entered on Docket
March 07, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 7, 2024

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 2780
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>SHIFT TECHNOLOGIES, INC., *et al.*,[1]<br><br>Debtors. | Case No. 23-30687 (HLB) (Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 363(f), AND FED. R. BANKR. P. 6004 AUTHORIZING DEBTORS TO SELL INTELLECTUAL PROPERTY ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**<br><br>**[Related to Docket Nos. 309 and 366]**<br><br>Date: March 7, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Tele/Videoconference Appearances Only<br>     United States Bankruptcy Court<br>     Courtroom 19, 16th Floor<br>     San Francisco, CA 94102 |

---

[1] The last four digits of Shift Technologies, Inc.'s tax identification number are 5852. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Shift. The Debtors' service address is P.O. Box 1664, San Bruno, CA 94066-1664.

The Court, having considered the *Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 363(f), and Fed. R. Bankr. P. 6004 (I) (a) Approving Sale Procedures; (b) Authorizing Entry into One or More Stalking Horse Agreements; and (c) Setting Sale Hearing; and (II) Authorizing Debtors to Sell Intellectual Property and Related Assets Free and Clear of Liens, Claims, Encumbrances, and Interests* [Dkt. No. 309] (the "Sale Motion") at a hearing on January 18, 2024, with appearances as noted on the record, and having entered the *Order Regarding Sale Procedures Motion* [Dkt. No. 366] (the "Sale Procedures Order") on January 18, 2024, and having reviewed the *Notice of Hearing on Sale of Intellectual Property and Related Assets of the Debtors* (the "Sale Hearing Notice") [Dkt. No. 444] and the *Declaration of David Peress Regarding Auction Sales of Intellectual Property and Related Assets of the Debtors* (the "Peress Declaration") [Dkt. No. 445], both filed on February 9, 2024, and the Declarations of the Buyers (defined below) and Stalking Horse Bidder (defined below), filed on February 29, 2024 [Dkt. Nos. 509, 510, 511, and 512]; and this Court having jurisdiction to consider the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"); and consideration of the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice as provided in the Sale Hearing Notice is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Sale Motion, the Sale Hearing Notice, and the Peress Declaration; and this Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and this Court having found that section 363(f)(2) of the Bankruptcy Code has been satisfied with respect to each of the Transactions (as defined below); and this Court having found that the Transactions contemplated by each APA are undertaken by the respective Buyer (as such terms are defined below) without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and each Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code; and it appearing that the

relief requested in the Sale Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is GRANTED pursuant to sections 363(b), 363(f), and 105(a) of the Bankruptcy Code, as more fully set forth herein.

2. The Debtors are authorized to enter into the asset purchase agreements attached hereto as **Exhibit A**, **Exhibit B**, **Exhibit C**, and **Exhibit D** (each, an "APA"), with the respective counterparties thereto (each, a "Buyer"), to consummate the respective transactions contemplated therein (each, a "Transaction"), for the sale of the respective assets described therein (each, the "Acquired Assets").

3. The Debtors are authorized to enter into the asset purchase agreement attached hereto as **Exhibit E** (the "Stalking Horse Agreement") with Now Presence, LLC (the "Stalking Horse Bidder"), and to pay the break-up fee to the Stalking Horse Bidder in the amount of thirty thousand dollars ($30,000.00) (the "Break-Up Fee"). The Break-Up Fee shall constitute an administrative expense of the Debtors' estates under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code and shall be payable as specified in the Stalking Horse Agreement.

4. The Stalking Horse Bidder is also approved as the Next Highest Bidder (as defined in the Sale Motion) for the assets described in the Stalking Horse Agreement. If any Buyer fails to close a Transaction for any portion of the Stalking Horse Assets, the Debtors are authorized to consummate a transaction with the Stalking Horse Bidder for such assets without further order of the Court.

5. The sales of the Acquired Assets pursuant to this Order shall be free and clear of all liens, claims, encumbrances, and interests.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

7. Pursuant to section 363(m), the reversal or modification on appeal of the authorization provided herein to consummate the applicable Transaction(s) shall not affect the

validity of such Transaction, unless such authorization and such Transaction(s) are duly stayed pending such appeal. Each Buyer is entitled to the full protections of section 363(m) of the Bankruptcy Code as a good faith buyer.

8. Notwithstanding the provisions of Bankruptcy Rules 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**

## COURT SERVICE LIST

*All ECF Participants*