Entered on Docket
April 01, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: April 1, 2024

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 23-30687 - HLB |
| SHIFT TECHNOLOGIES, INC., ET AL | ) |
| | ) Chapter 11 |
| Debtor. | ) |

**ORDER**

Good cause appearing, IT IS HEREBY ORDERED that:

1. A settlement conference regarding contested plan confirmation issues will be held before Bankruptcy Judge Dennis Montali ("settlement judge") on a date to be determined by the settlement judge.

2. Debtor and its counsel and counsel for $150MM Convertible Debt, the $20M Senior debt, the Official Unsecured Creditors Committee, and other claimants holding unsecured claims as designated to participate by the settlement judge (collectively the "counterparties"), shall be present at times to be determined. The settlement conference will not be postponed absent leave of the settlement judge.

3. Pre-settlement conferences will be conducted via Zoom or telephone conference call. The actual conference will be conducted via Zoom or in person. For Zoom conferences, the court staff will provide a link or URL (internet address) that enables participation in the video conference. For in person conferences, the settlement judge will advise the parties of the time and place. No later than one week prior to either, all counsel must provide the court staff with the names, email addresses and cell phone numbers of all counsel, clients and others who will participate in the settlement conference.

4. Counsel for the Debtor and for the counterparties should each prepare and email to the settlement judge and to opposing counsel, but not file, a Settlement Conference Statement no later than dates to be determined. The Debtor will prepare and submit its statement first; the counterparties will prepare and submit their respective statements in response ten days later.

The briefs need to be efficient and not waste time with the kind of redundant introductions typical of trial briefs or motions. The parties are not making a record; they will not waive something by not mentioning it to the settlement judge. In fact, the briefs should be more like outlines parties would use internally at trial to make sure they cover all the necessary bases to meet their burdens and rebut all of their opponents' relevant contentions.

Definitions and names should be set up to apply throughout the document and redundancy should be avoided. Do not leave things open because a party needs more discovery.

Refer to docket numbers for documents the settlement judge should consider – do not provide them separately.  If they are not on the docket, attach them to a list of documents to include electronically and email to the settlement judge.  If hard copies are necessary because they are long or hard to read, parties will receive separate instructions from court staff for how to forward them to the settlement judge.

5.  At the settlement conference, counsel should be prepared to present orally to the settlement judge a forthright evaluation of the likelihood of prevailing on claims and defenses.  Counsel who will participate in the trial of the matter must be present at the settlement conference.  The person or persons having full authority to settle the matter shall also appear at the settlement conference, subject only to whatever final authority must be obtained by Debtor in its Chapter 11 case.

6.  The settlement conference will not conclude absent leave of the settlement judge, who may continue the conference from time to time at the judge's discretion.  The settlement judge may issue any order deemed appropriate to facilitate settlement or the expeditious resolution of the dispute. **Parties and their counsel should be prepared to remain beyond normal business hours if necessary; alternative arrangements should be made for routine personal and family commitments.  The settlement judge will not normally excuse parties or counsel except in the case of emergency or extreme inconvenience.**

7.  The parties must make a good faith attempt to settle the matter before the settlement conference.

Case: 23-30687    Doc# 558    Filed: 04/01/24    Entered: 04/01/24 10:57:55    Page 3 of 4

8. Failure to comply with the terms and spirit of this order may lead to the imposition of sanctions under Bankruptcy Rule 7016 and Fed. R. Civ. P. 16(f).

**\*\*END OF ORDER\*\***