**Exhibit A**

**(Proposed Order)**

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>SHIFT TECHNOLOGIES, INC., *et al.*,[1]<br><br>Debtors. | Case No. 23-30687 (Lead Case)<br><br>(Joint Administration Requested)<br><br>**[PROPOSED] ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) AUTHORIZING COMPROMISE**<br><br>Date:  June 6, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Tele/Videoconference Appearances Only**<br>　　　United States Bankruptcy Court<br>　　　Courtroom 19, 16th Floor<br>　　　San Francisco, CA 94102 |

---

[1] The last four digits of Shift Technologies, Inc.'s tax identification number are 5852.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Shift.  The Debtors' service address is P.O. Box 1664, San Bruno, CA 94066-1664.

Upon the Motion, dated as of May 16, 2024 (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors") in the Chapter 11 Cases, pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019, for entry of an order (i) authorizing the sale of certain information technology assets of the Debtors located in Austin, Texas, pursuant to the asset purchase agreement dated April 26, 2024, attached as Exhibit B to the Motion (the "Agreement"); (ii) authorizing the compromise and settlement payment provided in the Agreement to Babu Incorporated, d/b/a Compuzone ("Compuzone"), the entity that provided post-petition storage and care for the assets to be sold; and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,* General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Moussa, Dougherty, and Gould Declarations; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found that section 363(f)(2) of the Bankruptcy Code has been satisfied with respect to the sale of Assets contemplated by the Agreement; and this Court having found that the sale of Assets contemplated by the Agreement is undertaken by the Buyers without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and each Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

---

[2] Capitalized terms not otherwise herein defined shall have the meanings given to such terms in the Motion.

estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as provided herein.

2. The terms of the Agreement between the Debtors, Compuzone, and the Buyers attached hereto as **Exhibit A** are approved.

3. The sales of the Assets pursuant to the Agreement and this Order shall be free and clear of all liens, claims, encumbrances, and interests.

4. Pursuant to section 363(m), the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Assets contemplated by the Agreement shall not affect the validity of such sale, unless such authorization and such sale is duly stayed pending such appeal. Each Buyer is entitled to the full protections of section 363(m) of the Bankruptcy Code as a good faith buyer.

5. Notwithstanding the provisions of Bankruptcy Rules 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**